LINDA WENDELL HSU (SBN 162971)
lhsu@selmanlaw.com
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA 94105-4537
Telephone: 415.979.0400
Facsimile: 415.979.2099

Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN GUZMAN; JOHN GUZMAN CRANE SERVICE; WARREN E&P, INC.; WARREN RESOURCES OF CALIFORNIA, INC.; C&S WELDING, INC.; ALEJANDRO SILVA; JACOB RUBEN JIMENEZ; and DOES 1 through 100,<br><br>Defendants. | Case No. 2:19-cv-04868-DSF-(MRWx)<br><br>STIPULATED PROTECTIVE ORDER<br><br>Judge:    Dale S. Fischer<br><br>Complaint Filed:    June 4, 2019 |

**1. PURPOSES AND LIMITATIONS**

Discovery and motion practice in this action will involve the production and disclosure of confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, plaintiff Scottsdale Insurance Company ("Scottsdale" or "Plaintiff"), and defendants John Guzman ("Guzman"), John Guzman Crane Service, Inc. ("Guzman Crane"), Warren E & P, Inc. ("Warren E & P"), and Warren Resources of California, Inc. ("Warren") (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The Parties acknowledge that this Order does not

1

confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13(c) below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; United States District Court, Central District of California Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT

This action is likely to involve confidential and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted. This is an insurance coverage action for a claim involving an accident that took place on April 8, 2014 in Wilmington, California (the "Incident"). Alejandro Silva and Jacob Ruben Jimenez, plaintiffs in separate underlying actions, which were consolidated into a single action (the "Consolidated Action"), allegedly suffered injuries and damages in connection with the Incident. Guzman, Guzman Crane, Warren E&P, and Warren tendered the defense of the Consolidated Action to Scottsdale. Scottsdale agreed to defend Guzman, Guzman Crane, Warren E&P, and Warren under a reservation of rights and filed this coverage action to obtain a judicial determination of whether the policy issued by Scottsdale actually provides coverage to Guzman, Guzman Crane, Warren E&P, and Warren for the Consolidated Action. Among other things, this coverage action arises from alleged misrepresentations and/or omissions made in the application to Scottsdale for commercial general liability insurance.

The confidential and proprietary information will contain, inter alia, confidential business or financial information, proprietary business information, information regarding confidential business practices, trade secrets, commercial information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure

under state or federal statutes, court rules, case decisions, or common law. Accordingly, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3. DEFINITIONS**

a. Action: This pending federal lawsuit.

b. Challenging Party: A Party that challenges the designation of information or items under this Order.

c. "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

d. Counsel: Attorneys retained to represent or advise a party to this Action and who have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party including such law firms' support staff.

e. Designating Party: A Party that designates information or items produced in Discovery Material as "CONFIDENTIAL."

f. Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

g. Expert: A person with specialized knowledge or experience in a matter pertinent to

3

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

h. <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

i. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their support staffs) (collectively, the "Parties").

j. <u>Producing Party</u>: A Party or Non-Party that produces Discovery Material in this Action.

k. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

l. <u>Protected Material</u>: Any Discovery Material that is CONFIDENTIAL Information or Items that are designated as "CONFIDENTIAL," including, inter alia, any material that refers or relates to Plaintiff's confidential and proprietary financial information and/or any confidential and/or proprietary information contained in Plaintiff's files, including, but not limited to, some or all of Scottsdale's claim handling manuals or guidelines, underwriting manuals or guidelines, underwriting classification code guidelines, agency agreements, and/or underwriting file documents.

m. <u>Receiving Party</u>: A Party that receives Discovery Material from a Producing Party.

4. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that reveals Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.

4

This Order does not govern the use of Protected Material at trial.

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

a. Exercise of Restraint and Care in Designating Material for Protection.

1. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

3. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

b. Manner and Timing of Designations.

1. Except as otherwise provided in this Order (see, e.g., Section b(2)(b) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

2. Designation in conformity with this Order requires the following:

   a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). When only a portion of the document or material is identified, the remainder of the document or material will not be deemed subject to this Order.

   b. A Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). When only

a portion of the document or material is identified, the remainder of the document or material will not be deemed subject to this Order.

    c. A Designating Party shall identify any testimony or Discovery Material in a deposition as "CONFIDENTIAL" on the record if possible. This provision does not preclude a Designating Party from making a designation of any testimony or Discovery Material as "CONFIDENTIAL" after the record is published.

    d. For information produced in a form other than a document and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the "CONFIDENTIAL legend." If only a portion or portions of the information warrants protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

c. Inadvertent Failure to Designate.

    1. If timely corrected, an inadvertent failure to designate qualified Confidential Information or Items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a. Timing of Challenges.

    1. Any Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

b. Meet and Confer.

    1. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

c. The burden of persuasion in any such challenge proceeding shall be on the

Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8. ACCESS TO AND USE OF PROTECTED MATERIAL**

a. Basic Principles.

1. A Receiving Party may use Protected Material that is disclosed or produced by a Producing Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below ("FINAL DISPOSITION").

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

b. Disclosure of Protected Material.

1. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" under Paragraph 6 above only to:

   a. The Receiving Party's Counsel of record in this Action, as well as employees of said Counsel of record to whom it is reasonably necessary to disclose the information for this Action;

   b. The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

   c. Experts (as defined in this Order) of the Receiving Party to whom disclosure

is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d. The Court and its personnel, by first attempting to file the Protected Material with the Court under seal;

e. Court reporters and their staff, by first attempting to file the Protected Material with the Court under seal;

f. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

g. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

h. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

i. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

j. The Parties may disclose Protected Material to any mutually agreed upon mediator or settlement officer, and their supporting personnel that the Parties engage in settlement discussions.

///

9. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

    a. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

        1. Promptly notify the Designating Party, in writing, and such notification shall include a copy of the subpoena or court order;

        2. Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Stipulated Protective Order; and

        3. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    b. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of the Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

    a. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b. In the event that a Non-Party is required, by a valid subpoena issued by a Party to this Action, to produce a Party's and/or a Non-Party's confidential or proprietary information in its possession that qualifies as Protected Material, and the Non-Party is subject to an agreement with a Party or other Non-Party not to produce the Protected Material, then the Non-Party shall:

1. Promptly notify in writing the Requesting Party and the Party or Non-Party with which it has an agreement not to produce the Protected Material that some or all of the information requested is subject to a confidentiality agreement with a Party or Non-Party;

2. Be provided with a copy of the Stipulated Protective Order in this Action and be authorized to provide the same to a Non-Party connected to the Protected Material being subpoenaed;

3. Provide the Party or Non-Party connected to the Protected Material with the relevant subpoena and a reasonably specific description of the Protected Material requested; and

4. Make the information requested available for inspection by the Party or Non-Party connected to the Protected Material, if requested.

c. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession that qualifies as Protected Material, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if requested.

d. If the Non-Party fails to file a motion for a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

a. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

a. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege, other protection, or is Protected Material, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e),

12

insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**13. MISCELLANEOUS**

a. Right to Further Relief.

1. Nothing in this Order abridges the right of any person or Party to seek its modification by the Court in the future.

b. Right to Assert Other Objections.

1. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

c. Filing Protected Material.

1. A Party that seeks to file any Protected Material in this Action or any other action must first seek to file the Protected Material under seal in compliance with United States District Court, Central District of California Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

d. Nothing in this order shall apply to a Party's use of their own Protected Material for any use during the course of the Action.

## 14. FINAL DISPOSITION

a. After the final disposition of this Action, as defined in Section V ("DURATION"), within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V ("DURATION").

## 15. VIOLATION

a. Any violation of this Order may be remedied by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

380 45426 4821-2207-9928 , v2

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  May 4, 2020                SELMAN BREITMAN LLP

By: /s/Linda Wendell Hsu
       LINDA WENDELL HSU
Attorneys for Plaintiff
SCOTTSDALE INSURANCE COMPANY

DATED:  May 4, 2020                KROESCHE SCHINDLER LLP

By: *Eric J. Schindler*
       ERIC J. SCHINDLER
       MICHELLE J. BERNER
Attorneys for Defendants
JOHN GUZMAN and JOHN GUZMAN CRANE SERVICE, INC.

DATED:  May 4, 2020                THE AGUILERA LAW GROUP, APLC

By: /s/ Kimberly R. Arnal
       A. ERIC AGUILERA
       RAYMOND E. BROWN
       KIMBERLY R. ARNAL
Attorneys for Defendants
WARREN E&P, INC. and WARREN RESOURCES OF CALIFORNIA, INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED**

Dated:  May 5, 2020                _____
                                                    Michael R. Wilner, U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [_____] in the case of *Scottsdale Insurance Company v. John Guzman, et al.*, Case No. 2:19-cv-04868-DSF-(MRWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ of _____ as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____